UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
MERLENE DAYAN and ESTATE OF
RAYMOND DAYAN,

Case No.: 1:20-cv-09563-AKH

Plaintiffs,

v.

LEONORA SUTTON a/k/a LENORA SUTTON,
ESTATE OF MAYER SUTTON,
ISAAC SUTTON, ALBERT SUTTON, MORRIS
SUTTON, ELIAS SUTTON a/k/a ELLIOT SUTTON
MIDDLEGATE SECURITIES LTD. and ABC
CO., INC. 1-10,

Defendants.
---------------------------------------------------------------X

**DEFENDANT ISAAC SUTTON'S ANSWER TO THE FIRST AMENDED COMPLAINT**

Defendant Isaac Sutton ("Sutton" or "Defendant"), by and through his undersigned attorneys Cohen Tauber Spievack & Wagner P.C., as and for his answer to the First Amended Complaint of Merlene Dayan and Estate of Raymond Dayan ("Plaintiffs") (the "Amended Complaint"), states as follows:

**INTRODUCTION**

1. Defendant admits that this action concerns allegations of wrongful conduct but, except as so admitted, denies the truth of the allegations set forth in paragraph 1 of the Amended Complaint.

**THE PARTIES**

2. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Amended Complaint.

3. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Amended Complaint.

4. Defendant admits that Leonora Sutton is the administrator of the estate of Mayer Sutton and is Mayer Sutton's surviving spouse and, except as so admitted, denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Amended Complaint.

5. Defendant admits that he resides in the Flatbush neighborhood of Brooklyn, New York, and that, until his death, Mayer resided in the Flatbush neighborhood of Brooklyn, New York, denies that he used any funds of the Plaintiffs for his own benefit and, except as so admitted or denied, denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Amended Complaint.

6. Defendant admits that his individual FINRA license was registered at Middlegate and, except as so admitted, denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Amended Complaint.

7. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Amended Complaint.

8. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Amended Complaint.

9. Defendant admits that Mayer Sutton was consulted about managing and investing funds and, except as so admitted, denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Amended Complaint.

10. Defendant denies the truth of the allegations to the extent that they are directed to him and, except as so denied, denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Amended Complaint.

11. Defendant admits that at times relevant to this action he was a licensed life insurance broker and, except as so admitted, denies the truth of the allegations set forth in paragraph 11 of the Amended Complaint.

12. Defendant admits the truth of the allegations set forth in paragraph 12 of the Amended Complaint, except denies that he was ever a part owner of Middlegate Funding LLCV, Middlegate Investment Company, or Middlegate Asset Management.

13. Paragraph 13 of the Amended Complaint is not an allegation of fact but a statement of law to which no response is required.

14. Defendant denies the truth of the allegations set forth in paragraph 14 of the Amended Complaint.

15. Defendant denies the truth of the allegations set forth in paragraph 15 of the Amended Complaint.

16. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Amended Complaint.

17. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Amended Complaint.

18. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Amended Complaint.

19. Defendant admits that Mayer was involved in money management and investments and, except as so admitted, denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Amended Complaint.

20. Defendant denies the truth of the allegations set forth in paragraph 20 of the Amended Complaint and respectfully refer all matters of law to this honorable Court.

21. Defendant denies the truth of the allegations set forth in paragraph 21 of the Amended Complaint and respectfully refer all matters of law to this honorable Court.

22. Defendant neither admits nor denies the legal conclusions set forth in paragraph 22 of the Amended Complaint, and respectfully refers all matters of law to this honorable Court.

23. Defendant neither admits nor denies the legal conclusions set forth in paragraph 23 of the Amended Complaint, and respectfully refers all matters of law to this honorable Court.

24. Defendant admits that he is related to the Dweck family and, except as so admitted, denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Amended Complaint.

25. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Amended Complaint.

26. Defendant denies the truth of the allegations to the extent that they are directed to him and, except as so denied, denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Amended Complaint.

27. Defendant denies the truth of the allegations to the extent that they are directed to him and, except as so denied, denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Amended Complaint.

28. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Amended Complaint.

29. Defendant denies the truth of the allegations to the extent that they are directed to him and, except as so denied, denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Amended Complaint.

30. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Amended Complaint.

31. Defendant denies the truth of the allegations to the extent that they are directed to him and, except as so denied, denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Amended Complaint.

32. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Amended Complaint.

33. Defendant denies the truth of the allegations to the extent that they are directed to him and, except as so denied, denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Amended Complaint.

34. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Amended Complaint.

35. Defendant denies the truth of the allegations to the extent that they are directed to him and, except as so denied, denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Amended Complaint.

36. Defendant denies the truth of the allegations to the extent that they are directed to him and, except as so denied, denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the Amended Complaint.

37. Defendant denies the truth of the allegations to the extent that they are directed to him and, except as so denied, denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Amended Complaint.

38. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the Amended Complaint.

39. Defendant denies the truth of the allegations to the extent that they are directed to him and, except as so denied, denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the Amended Complaint.

40. Defendant denies the truth of the allegations to the extent that they are directed to him and, except as so denied, denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the Amended Complaint.

41. Defendant denies the truth of the allegations to the extent that they are directed to him and, except as so denied, denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the Amended Complaint.

42. Defendant denies the truth of the allegations to the extent that they are directed to him and, except as so denied, denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Amended Complaint.

43. Defendant repeats each previous answer as if fully set forth herein.

44. Defendant denies the truth of the allegations to the extent that they are directed to him and, except as so denied, denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the Amended Complaint.

45. Defendant denies the truth of the allegations to the extent that they are directed to him and, except as so denied, denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of the Amended Complaint.

46. Defendant denies the truth of the allegations set forth in paragraph 46 of the Amended Complaint to the extent that they are directed to him, and respectfully refers all matters of law to this honorable Court.

47. Defendant denies the truth of the allegations to the extent that they are directed to him and, except as so denied, denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of the Amended Complaint.

48. Defendant denies the truth of the allegations set forth in paragraph 48 of the Amended Complaint to the extent that they are directed to him, and respectfully refers all matters of law to this honorable Court.

49. Defendant denies the truth of the allegations to the extent that they are directed to him and, except as so denied, denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49 of the Amended Complaint.

50. Defendant denies the truth of the allegations to the extent that they are directed to him and, except as so denied, denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 of the Amended Complaint.

51. Defendant denies the truth of the allegations to the extent that they are directed to him and, except as so denied, denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 of the Amended Complaint.

52. Defendant repeats each previous answer as if fully set forth herein.

53. Defendant denies the truth of the allegations set forth in paragraph 53 of the Amended Complaint to the extent that they are directed to him, and respectfully refers all matters of law to this honorable Court.

54. Defendant denies the truth of the allegations to the extent that they are directed to him and, except as so denied, denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54 of the Amended Complaint.

55. Defendant denies the truth of the allegations to the extent that they are directed to him and, except as so denied, denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 55 of the Amended Complaint.

56. Defendant denies the truth of the allegations to the extent that they are directed to him and, except as so denied, denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56 of the Amended Complaint.

57. Defendant denies the truth of the allegations to the extent that they are directed to him and, except as so denied, denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 57 of the Amended Complaint.

58. Defendant denies the truth of the allegations set forth in paragraph 58 of the Amended Complaint to the extent that they are directed to him, and respectfully refers all matters of law to this honorable Court.

59. Defendant repeats each previous answer as if fully set forth herein.

60. Defendant denies the truth of the allegations to the extent that they are directed to him and, except as so denied, denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 60 of the Amended Complaint t.

61. Defendant denies the truth of the allegations to the extent that they are directed to him and, except as so denied, denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 61 of the Amended Complaint.

62. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 62 of the Amended Complaint.

63. Defendant denies the truth of the allegations to the extent that they are directed to him and, except as so denied, denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 63 of the Amended Complaint.

64. Defendant denies the truth of the allegations set forth in paragraph 64 of the Amended Complaint to the extent that they are directed to him, and respectfully refers all matters of law to this honorable Court.

65. Defendant denies the truth of the allegations set forth in paragraph 65 of the Amended Complaint to the extent that they are directed to him, and respectfully refers all matters of law to this honorable Court.

66. Defendant repeats each previous answer as if fully set forth herein.

67. Defendant denies the truth of the allegations set forth in paragraph 67 of the Amended Complaint to the extent that they are directed to him, and respectfully refers all matters of law to this honorable Court.

68. Defendant denies the truth of the allegations to the extent that they are directed to him and, except as so denied, denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 68 of the Amended Complaint.

69. Defendant denies the truth of the allegations to the extent that they are directed to him and, except as so denied, denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 69 of the Amended Complaint.

70. Defendant denies the truth of the allegations to the extent that they are directed to him and, except as so denied, denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 70 of the Amended Complaint.

71. Defendant repeats each previous answer as if fully set forth herein.

72. Defendant denies the truth of the allegations to the extent that they are directed to him and, except as so denied, denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 72 of the Amended Complaint.

73. Defendant denies the truth of the allegations set forth in paragraph 73 of the Amended Complaint to the extent that they are directed to him, and respectfully refers all matters of law to this honorable Court.

74. Defendant denies the truth of the allegations set forth in paragraph 74 of the Amended Complaint to the extent that they are directed to him, and respectfully refers all matters of law to this honorable Court.

75. Defendant denies the truth of the allegations to the extent that they are directed to him and, except as so denied, denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 75 of the Amended Complaint.

76. Defendant denies the truth of the allegations set forth in paragraph 76 of the Amended Complaint to the extent that they are directed to him, and respectfully refers all matters of law to this honorable Court.

77. Defendant admits that Plaintiff demands a jury trial on all issues.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

78. To the extent that the Amended Complaint fails to assert particular allegations against the individual defendants in their individual capacities, the Amended Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

79. The Complaint fails to state a claim upon which relief can be granted against this Defendant.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

80. The action is barred pursuant to the statue of frauds.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

81. The action is barred by the applicable statutes of limitation.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

82. The action is barred due to the equitable doctrines of unclean hands, illegality, or fraud.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

83. This action should be dismissed as against the Defendant because he was at no time in privity with the Plaintiffs.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

84. This action is barred due to the equitable principles of estoppel and waiver.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

85. The Amended Complaint should be dismissed as against this Defendant due to failure of consideration.

**WHEREFORE, Defendant Isaac Sutton seeks a judgment as follows**:

(i) dismissing Plaintiffs' claims in their entirety;

(ii) awarding Defendant costs and fees; and

(iii) all other relief that this Court deems just and proper.

Dated: May 10, 2021

COHEN TAUBER SPIEVACK & WAGNER P.C.

By: /s/ Stephen Wagner
Stephen Wagner
420 Lexington Avenue, Suite 2400
New York, New York 10170
Tel.: (212) 586-5800
swagner@ctswlaw.com

*Attorneys for Defendant Isaac Sutton*