UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MERLENE DAYAN and ESTATE OF RAYMOND DAYAN,

Plaintiffs,

- against -

LEONORA SUTTON a/k/a LENORA SUTTON, ESTATE OF MAYER SUTTON, ISAAC SUTTON, ALBERT SUTTON, MORRIS SUTTON, ELIAS SUTTON a/k/a ELLIOT SUTTON, MIDDLEGATE SECURITIES LTD., and ABC CO., INC. 1-10,

Defendants.

Case No.: 20-cv-09563 (AKH)

Defendants LEONORA SUTTON a/k/a LENORA SUTTON and ESTATE OF MAYER SUTTON (collectively, the "Answering Defendants"), by and through their attorneys, David Yeger Law PLLC, as and for their Answer to the First Amended Complaint (the "FAC") filed by plaintiffs MERLENE DAYAN and ESTATE OF RAYMOND DAYAN (collectively, "Plaintiffs"), allege as follows:

## INTRODUCTION

1. Deny knowledge or information concerning the truth of the allegations contained in paragraph 1 of the FAC.

2. Deny knowledge or information concerning the truth of the allegations contained in paragraph 2 of the FAC.

3. Deny knowledge or information concerning the truth of the allegations contained in paragraph 3 of the FAC.

4. Admit the allegations contained in paragraph 4 of the FAC.

5. Admit that Mayer Sutton, who died in 2016, was prior to his death a resident of the Flatbush neighborhood of Brooklyn, New York, admit that at times defendants Isaac Sutton, Albert

Sutton, Morris Sutton, and Elias a/k/a Elliot Sutton have resided in the Flatbush neighborhood of Brooklyn, New York, deny the allegations concerning the "Suttons" as it relates to the Answering Defendants and deny knowledge or information concerning the truth of the remaining allegations contained in paragraph 5 of the FAC.

6. Deny knowledge or information concerning the truth of the allegations contained in paragraph 6 of the FAC.

7. Deny knowledge or information concerning the truth of the allegations contained in paragraph 7 of the FAC.

8. Deny knowledge or information concerning the truth of the allegations contained in paragraph 8 of the FAC.

9. Deny knowledge or information concerning the truth of the allegations contained in paragraph 9 of the FAC.

10. Deny knowledge or information concerning the truth of the allegations contained in paragraph 10 of the FAC.

11. Deny knowledge or information concerning the truth of the allegations contained in paragraph 11 of the FAC.

12. Deny knowledge or information concerning the truth of the allegations contained in paragraph 12 of the FAC.

13. Deny knowledge or information concerning the truth of the allegations contained in paragraph 13 of the FAC.

14. Deny knowledge or information concerning the truth of the allegations contained in paragraph 14 of the FAC.

15. Deny knowledge or information concerning the truth of the allegations contained in paragraph 15 of the FAC.

16. Deny knowledge or information concerning the truth of the allegations contained in paragraph 16 of the FAC.

17. Deny knowledge or information concerning the truth of the allegations contained in paragraph 17 of the FAC.

18. Deny knowledge or information concerning the truth of the allegations contained in paragraph 18 of the FAC.

19. Deny knowledge or information concerning the truth of the allegations contained in paragraph 19 of the FAC.

20. Deny the allegations concerning the "Suttons" as it relates to the Answering Defendants and deny knowledge or information concerning the truth of the remaining allegations contained in paragraph 20 of the FAC.

21. Deny the allegations as it relates to the Answering Defendants and deny knowledge or information concerning the truth of the remaining allegations contained in paragraph 21 of the FAC.

## JURISDICTION AND VENUE

22. The Answering Defendants do not at this time contest the jurisdiction of this Court over this matter, admit that Leonora Sutton is a resident of the State of New York, decline to respond to any allegations which are legal conclusions to which no response is required, and deny knowledge or information concerning the truth of the remaining allegations contained in paragraph 22 of the FAC.

23. The Answering Defendants do not oppose Plaintiff's selection of venue, decline to respond to any allegations which are legal conclusions to which no response is required, and deny knowledge or information concerning the truth of the remaining allegations contained in paragraph 23 of the FAC.

24. Admit that there is a family relationship between the Suttons and certain Dweks, and deny knowledge or information concerning the truth of the remaining allegations contained in paragraph 24 of the FAC.

25. Deny knowledge or information concerning the truth of the allegations contained in paragraph 25 of the FAC.

26. Deny the allegations which refer to "defendants" or "the parties" as it relates to the Answering Defendants and deny knowledge or information concerning the truth of the remaining allegations contained in paragraph 26 of the FAC.

27. Deny the allegations which refer to "defendants" as it relates to the Answering Defendants and deny knowledge or information concerning the truth of the remaining allegations contained in paragraph 27 of the FAC.

28. Deny the allegations which refer to "defendants" as it relates to the Answering Defendants and deny knowledge or information concerning the truth of the remaining allegations contained in paragraph 28 of the FAC.

29. Admit that checks were written from an account in the name of Lenora Sutton, in the amounts $100,000, $120,000, $50,000 and $50,000, written on or about August 28, 2016, September 22, 2016, March 29, 2017, and August 1, 2017, respectively, and deny the remaining allegations contained in paragraph 29 of the FAC.

30. Deny knowledge or information concerning the truth of the allegations contained in paragraph 30 of the FAC.

31. Deny the allegations which refer to "defendants" as it relates to the Answering Defendants and deny knowledge or information concerning the truth of the remaining allegations contained in paragraph 31 of the FAC.

32. Deny the allegations which refer to "defendants" as it relates to the Answering Defendants and deny knowledge or information concerning the truth of the remaining allegations contained in paragraph 32 of the FAC.

33. Deny the allegations which refer to "defendants" as it relates to the Answering Defendants and deny knowledge or information concerning the truth of the remaining allegations contained in paragraph 33 of the FAC.

34. Deny the allegations which refer to "defendants" as it relates to the Answering Defendants and deny knowledge or information concerning the truth of the remaining allegations contained in paragraph 34 of the FAC.

35. Deny the allegations which refer to "defendants" as it relates to the Answering Defendants and deny knowledge or information concerning the truth of the remaining allegations contained in paragraph 35 of the FAC.

36. Deny the allegations which refer to "defendants" as it relates to the Answering Defendants and deny knowledge or information concerning the truth of the remaining allegations contained in paragraph 36 of the FAC.

37. Deny the allegations which refer to "defendants" as it relates to the Answering Defendants and deny knowledge or information concerning the truth of the remaining allegations contained in paragraph 37 of the FAC.

38. Deny knowledge or information concerning the truth of the allegations contained in paragraph 38 of the FAC.

**AS TO THE FIRST CAUSE OF ACTION**

39. Deny the allegations which refer to "defendants" as it relates to the Answering Defendants and deny knowledge or information concerning the truth of the remaining allegations contained in paragraph 39 of the FAC.

40. Deny the allegations which refer to "the Suttons" as it relates to the Answering Defendants and deny knowledge or information concerning the truth of the remaining allegations contained in paragraph 40 of the FAC.

41. Deny the allegations which refer to "defendants" as it relates to the Answering Defendants and deny knowledge or information concerning the truth of the remaining allegations contained in paragraph 41 of the FAC.

42. Deny the allegations which refer to "defendants" as it relates to the Answering Defendants and deny knowledge or information concerning the truth of the remaining allegations contained in paragraph 42 of the FAC.

**AS TO THE SECOND CAUSE OF ACTION**

43. Repeat and reallege each statement contained above as if fully set forth herein in response to paragraph 43 of the FAC.

44. Deny the allegations which refer to "the Suttons" as it relates to the Answering Defendants and deny knowledge or information concerning the truth of the remaining allegations contained in paragraph 44 of the FAC.

45. Deny the allegations which refer to "the Suttons" as it relates to the Answering Defendants and deny knowledge or information concerning the truth of the remaining allegations contained in paragraph 45 of the FAC.

46. Deny the allegations which refer to "the Suttons" as it relates to the Answering Defendants, decline to respond to any allegations which are legal conclusions to which no response is required, and deny knowledge or information concerning the truth of the remaining allegations contained in paragraph 46 of the FAC.

47. Deny the allegations which refer to "the Suttons" as it relates to the Answering Defendants and deny knowledge or information concerning the truth of the remaining allegations contained in paragraph 47 of the FAC.

48. Deny the allegations which refer to "defendants" as it relates to the Answering Defendants, decline to respond to any allegations which are legal conclusions to which no response is required, and deny knowledge or information concerning the truth of the remaining allegations contained in paragraph 48 of the FAC.

49. Deny the allegations which refer to "defendants" as it relates to the Answering Defendants, decline to respond to any allegations which are legal conclusions to which no response is required, and deny knowledge or information concerning the truth of the remaining allegations contained in paragraph 49 of the FAC.

50. Deny the allegations which refer to "defendants" as it relates to the Answering Defendants, decline to respond to any allegations which are legal conclusions to which no response is required, and deny knowledge or information concerning the truth of the remaining allegations contained in paragraph 50 of the FAC.

51. Deny the allegations which refer to "defendants" as it relates to the Answering Defendants and deny knowledge or information concerning the truth of the remaining allegations contained in paragraph 51 of the FAC.

**AS TO THE THIRD CAUSE OF ACTION**

52. Repeat and reallege each statement contained above as if fully set forth herein in response to paragraph 52 of the FAC.

53. Deny the allegations which refer to "the Suttons" as it relates to the Answering Defendants and deny knowledge or information concerning the truth of the remaining allegations contained in paragraph 53 of the FAC.

54. Deny the allegations which refer to "the Suttons" as it relates to the Answering Defendants and deny knowledge or information concerning the truth of the remaining allegations contained in paragraph 54 of the FAC.

55. Deny the allegations which refer to "defendants" as it relates to the Answering Defendants and deny knowledge or information concerning the truth of the remaining allegations contained in paragraph 55 of the FAC.

56. Deny the allegations which refer to "defendants" as it relates to the Answering Defendants and deny knowledge or information concerning the truth of the remaining allegations contained in paragraph 56 of the FAC.

57. Deny the allegations which refer to "defendants" as it relates to the Answering Defendants, decline to respond to any allegations which are legal conclusions to which no response is required, and deny knowledge or information concerning the truth of the remaining allegations contained in paragraph 57 of the FAC.

58. Deny the allegations which refer to "defendants" as it relates to the Answering Defendants and deny knowledge or information concerning the truth of the remaining allegations contained in paragraph 58 of the FAC.

**AS TO THE FOURTH CAUSE OF ACTION**

59. Repeat and reallege each statement contained above as if fully set forth herein in response to paragraph 59 of the FAC.

60. Deny the allegations which refer to "defendants" as it relates to the Answering Defendants and deny knowledge or information concerning the truth of the remaining allegations contained in paragraph 60 of the FAC.

61. Deny the allegations which refer to "defendants" as it relates to the Answering Defendants and deny knowledge or information concerning the truth of the remaining allegations contained in paragraph 61 of the FAC.

62. Deny the allegations which refer to "defendants" as it relates to the Answering Defendants and deny knowledge or information concerning the truth of the remaining allegations contained in paragraph 62 of the FAC.

63. Deny the allegations which refer to "defendants" as it relates to the Answering Defendants and deny knowledge or information concerning the truth of the remaining allegations contained in paragraph 63 of the FAC.

64. Deny the allegations which refer to "defendants" as it relates to the Answering Defendants and deny knowledge or information concerning the truth of the remaining allegations contained in paragraph 64 of the FAC.

65. Deny the allegations which refer to "defendants" as it relates to the Answering Defendants and deny knowledge or information concerning the truth of the remaining allegations contained in paragraph 65 of the FAC.

**AS TO THE FIFTH CAUSE OF ACTION**

66. Repeat and reallege each statement contained above as if fully set forth herein in response to paragraph 66 of the FAC.

67. Deny the allegations which refer to "defendants" as it relates to the Answering Defendants and deny knowledge or information concerning the truth of the remaining allegations contained in paragraph 67 of the FAC.

68. Deny the allegations which refer to "defendants" as it relates to the Answering Defendants and deny knowledge or information concerning the truth of the remaining allegations contained in paragraph 68 of the FAC.

69. Deny the allegations which refer to "defendants" as it relates to the Answering Defendants and deny knowledge or information concerning the truth of the remaining allegations contained in paragraph 69 of the FAC.

70. Deny the allegations which refer to "defendants" as it relates to the Answering Defendants and deny knowledge or information concerning the truth of the remaining allegations contained in paragraph 70 of the FAC.

**AS TO THE SIXTH CAUSE OF ACTION**

71. Repeat and reallege each statement contained above as if fully set forth herein in response to paragraph 71 of the FAC.

72. Deny the allegations which refer to "defendants" as it relates to the Answering Defendants and deny knowledge or information concerning the truth of the remaining allegations contained in paragraph 72 of the FAC.

73. Deny the allegations which refer to "defendants" as it relates to the Answering Defendants, decline to respond to any allegations which are legal conclusions to which no response is required, and deny knowledge or information concerning the truth of the remaining allegations contained in paragraph 73 of the FAC.

74. Deny the allegations which refer to "defendants" as it relates to the Answering Defendants and deny knowledge or information concerning the truth of the remaining allegations contained in paragraph 74 of the FAC.

75. Deny the allegations which refer to "defendants" as it relates to the Answering Defendants and deny knowledge or information concerning the truth of the remaining allegations contained in paragraph 75 of the FAC.

76. Deny the allegations which refer to "defendants" as it relates to the Answering Defendants and deny knowledge or information concerning the truth of the remaining allegations contained in paragraph 76 of the FAC.

77. Neither admit nor deny as paragraph 77 of the FAC does not contain any factual allegations.

## AFFIRMATIVE DEFENSES

1. To the extent that the FAC fails to assert particular allegations against the individual defendants in their individual capacities, the FAC fails to state a claim upon which relief can be granted.

2. The FAC fails to state a claim upon which relief can be granted against the Answering Defendants.

3. The action is barred, in whole or in part, pursuant to the statue of frauds.

4. The action is barred, in whole or in part, by the lack of privity.

5. The action is barred, in whole or in part, by the lack of consideration.

6. The action is barred, in whole or in part, by the applicable statutes of limitation.

7. The action is barred, in whole or in part, due to the equitable doctrines of unclean hands, illegality, or fraud.

8. This action is barred, in whole or in part, pursuant due to the equitable principles of estoppel and waiver.

9. The action is barred, in whole or in part, because the Answering Defendants did not owe any duty to Plaintiffs.

WHEREFORE, Defendants LEONORA SUTTON a/k/a LENORA SUTTON and ESTATE OF MAYER SUTTON respectfully request that judgment be granted in their favor on the claims by the Plaintiffs, and for such other and further relief as is right and proper.

**JURY DEMAND**

Defendants LEONORA SUTTON a/k/a LENORA SUTTON and ESTATE OF MAYER SUTTON demand a jury trial on all claims so triable.

Dated: New York, New York
June 14, 2021

**DAVID YEGER LAW PLLC**

By: *__/s David Yeger__*
David Yeger, Esq.
708 Third Avenue, 6th Fl.
New York, New York 10017

(212) 452-6177
(212) 452-6178 (fax)
david@yegeresq.com
*Attorney for Defendants*
*Leonora Sutton a/k/a Lenora Sutton*
*and Estate of Mayer Sutton*