UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
MERLENE DAYAN, et al.,  :
 :
        Plaintiffs,  : **POST-CONFERENCE ORDER**
 :
    v.  : 20 Civ. 9563 (AKH)
 :
LEONORA SUTTON, et al.,  :
 :
        Defendants.  :
 :
------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

        On February 24, 2022 I held oral argument on Defendants' motions to dismiss (ECF Nos. 21, 44). For the reasons stated on the record, summarized below, Defendants' motions to dismiss are granted, and Plaintiff is given leave to replead.

### I. Substantive Grounds for Dismissal

        The motions to dismiss are granted with respect to Count I for breach of contract. Plaintiffs fail to allege adequately, in nonconclusory fashion, "the essential terms of the parties' purported contract, including the specific provisions of the contract upon which liability is predicated." *Negrete v. Citibank, N.A.*, 187 F. Supp. 3d 454, 468 (S.D.N.Y. 2016). In repleading, Plaintiffs must "provide specific allegations as to an agreement between the parties, the terms of that agreement, and what provisions of the agreement were breached as a result of the acts at issue." *Nuevos Aires Shows LLC v. Bühler*, 2020 WL 1903995, at *4 (S.D.N.Y. Apr. 17, 2020). As relevant here, Plaintiffs must identify the specific parties to the contract, the date on which it was made, whether it was oral or written, and what the terms of the contract were. If there is no single document that embodies the alleged contract, Plaintiff must identify the specific documents or acts that make up the contract. Additionally, Plaintiffs must provide additional

detail as to when and how they requested the return of their funds, and to which specific defendants those requests were made.

The motions to dismiss are granted with respect to Counts II through VI. Plaintiffs must specify that they plead Counts II through VI in the alternative to Count I. With respect to Count II for breach of fiduciary duty, Plaintiffs must identify to which specific defendants money was transferred, and how that transfer gives rise to fiduciary obligations. Likewise, with respect to Counts III through VI, Plaintiffs must specify which defendants received money belonging to the Plaintiffs and how such actions give rise to each claim. Insofar as Plaintiffs rely on alter ego or conspiracy theories, Plaintiffs must specifically allege how defendants conspired with one another, or which defendants are alter egos of one another, and how.

With respect to adequacy of their pleading, Plaintiffs maintain that issue preclusion should bar Defendants' attempts to dismiss the complaint. However, the state court decision on which Plaintiffs rely, *Marcal Finance SA et al. v. Sutton et al.*, 135 N.Y.S.3d 810 (Sup. Ct. 2020), involves a different set of plaintiffs, only some of the same defendants, and a different set of operative facts. Based on Plaintiffs' pleading to date, there is thus no basis for a finding of issue preclusion. *See Wyly v. Weiss*, 697 F.3d 131, 141 (2d Cir. 2012) (issue preclusion requires an identity of parties and that "the identical issue was raised in a previous proceeding") (*accord Taylor v. Sturgell*, 553 U.S. 880, 892 (2008)).

## II. Statute of Limitations

I decline to reach the aspect of the motions to dismiss based on statute of limitations defenses. However, insofar as Plaintiffs argue that Defendants concealed the wrongdoing that gives rise to Plaintiffs' claims, the statute of limitations likely would not begin to run until a reasonable plaintiff, under the circumstances, would have been aware of the claims. *See Veltri v. Bldg. Serv. 32B–J Pension Fund*, 393 F.3d 318, 323 (2d Cir.2004) (citing *Pearl v. City of Long Beach*, 296 F.3d 76, 82 (2d Cir.2002)); *Barasch v. Estate of Sperlin*, 271 A.D. 2d

558, 559 (2d Dept. 2000). Although Plaintiffs must provide additional detail as to when they requested the return of their funds, Plaintiffs allege they did not become aware of any wrongdoing until February 2018. *See* First Am. Compl. ¶¶ 32–33. That will likely be sufficient to survive a motion to dismiss on statute of limitations grounds.

### III. Service of Process on Morris Sutton

Defendant Morris Sutton's motion to dismiss is denied with respect to insufficient service of process. Morris Sutton argues service was improperly made at his mother's residence. Plaintiffs maintain Morris Sutton was properly served, through service made at Morris Sutton's dwelling upon a person of suitable age and discretion. *See* ECF No. 24; Fed. R. Civ. P. 4(e)(1)(B). At oral argument, Morris Sutton's counsel represented that Morris Sutton does not reside at the address at which service was made. However, in his declaration, Morris Sutton says only that service was made at his mother's residence, and that he does not pay bills for that house or use that address for voting or his driver's license. However, there is no statement as to where Morris Sutton does reside, whether at his mother's address or elsewhere. Clearly, Morris Sutton had notice of the Complaint and has suffered no prejudice. I thus decline to dismiss Plaintiffs' claims on the ground that service on Morris Sutton was improper.

### Conclusion

Defendants' motions to dismiss are granted and Plaintiffs are granted leave to replead. Plaintiffs shall file an amended complaint by March 25, 2022. Defendants shall move or answer by April 15, 2022. The Clerk shall terminate the open motions (ECF Nos. 21, 31, 44, 47).

SO ORDERED.

Dated: New York, New York
February 24, 2022

ALVIN K. HELLERSTEIN
United States District Judge