UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
MERLENE DAYAN, et al.,

           Plaintiffs,

    v.

LEONORA SUTTON, et al.,

           Defendants.

------------------------------------------------------------- x

**ORDER GRANTING**
**MOTIONS TO DISMISS**

20 Civ. 9563 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Defendants' four motions to dismiss the Third Amended Complaint (ECF Nos. 67, 70, 72, 74) are granted. Plaintiffs have leave to file a Fourth Amended Complaint, but this is the last time leave will be granted.

        Stripped of a confusing mix of rhetorical allegations, Plaintiffs allege in their Third Amended Complaint ("TAC") (ECF No. 62): (1) that in August and November 2006, at Defendants' instructions, they made three investments of securities and cash, totaling $1,695,908 in value, in Atlas Capital, S.A., a privately managed firm in Geneva, Switzerland; (2) that at various dates between 2006 and 2012, Plaintiffs demanded that Defendants liquidate their investments and return their funds; (3) that Defendants returned only $320,000 in four payments between August 29, 2016 and September 22, 2017; and (4) that Defendants thereafter failed and refused, without explanation to return $749,308.93. Based on a private investigation, Plaintiffs allege that the balance of their funds in Atlas were given to unknown recipients which, Plaintiffs infer, were Defendants.

        Plaintiffs allege, as the First Count of the TAC, that they made their investments pursuant to a contract, presumably oral, between Plaintiff Raymond Dayan and Defendant Mayer

Sutton, acting for other Suttons, through their company, Middlegate Securities, Ltd. Both principals are now deceased; the lawsuit is being carried on by appointed administrators.

The allegations of a contract are insufficient to plead a breach of contract claim. It is not said whether the contract was written or oral; if oral, who said what to whom, and where and when, to constitute an offer and acceptance; what the rights and obligations were of each party; how much was to be invested and the investment and management responsibilities of Mayer Sutton and his company, Middlegate Securities, to manage Plaintiffs investment in Atlas Securities; and whether the real party-in-interest is Middlegate or Atlas, and not Mayer Sutton.

Plaintiffs' Second Count claims a breach of fiduciary duty, "with discretionary authority over the plaintiffs' funds subject to the requirement that the funds be invested in investments that could be liquidated within a reasonable time and returned to plaintiffs in the United States from the overseas brokerage account containing plaintiffs' investment funds and controlled by the defendants." TAC ¶ 44. Was there a writing, or writings, imposing these obligations? Was there an entrustment of funds to Defendants under terms that could make Defendants a fiduciary? What were the terms? Plaintiffs allege that Raymond Dayan invested funds in Atlas, but was there an existing brokerage account, or a new one? Are there writings? What was the mix of obligations that someone at Atlas, or Middlegate, or Mayer Sutton accepted? None of this is alleged, and a breach of fiduciary duty is not sufficiently alleged to plead a valid claim.

The return of funds to Plaintiffs is an important allegation and suggests an obligation. But was it moral, within a tight circle of Sefardim, or legal? And, since both Raymond Dayan and Mayer Sutton are dead, and no writings are alleged, what are the sources of information that allow Plaintiffs to satisfy Fed. R. Civ. P. 11?

The third claim for relief pleads unjust enrichment as an alternative to the First Count alleging breach of contract. Plaintiffs allege, inconsistently with their breach of contract claim, that Dayan entrusted funds to the Suttons, TAC ¶ 53, that "the Suttons caused plaintiffs'

funds to be transferred to unknown parties for the benefit of the Suttons, *id.* ¶ 54, and that "the funds were used for defendants' benefit." *Id.* ¶ 55. The sources of information enabling Plaintiffs to plead this count are not alleged. Without such allegations, the conclusory charges are insufficient to plead a count of unjust enrichment.

The Fourth Count of Monies Had and Received; the Fifth Count of Conversion, and the Sixth Count of Accounting each had similar deficiencies, and each is insufficient to plead a valid claim for relief.

Plaintiffs have leave until July 15, 2022 to file a Fourth Amended Complaint, complying with Rule 11. Defendants shall answer or move by July 29, 2022. The Clerk shall terminate the open motions (ECF Nos. 67, 70, 72, 74).

SO ORDERED.

Dated:   June 21, 2022
       New York, New York

ALVIN K. HELLERSTEIN
United States District Judge