UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
MERLENE DAYAN, et al.,                                         :
                                                               :
                                      Plaintiffs,              :     **ORDER AND OPINION**
                                                               :     **GRANTING MOTIONS TO**
            v.                                                 :     **DISMISS**
                                                               :
LEONORA SUTTON, et al.,                                        :     20 Civ. 9563 (AKH)
                                                               :
                                      Defendants.              :
                                                               :
-------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

      Plaintiffs have been given four opportunities to amend their claims for breach of contract, breach of fiduciary duty, unjust enrichment, monies had and received, conversion, and accounting. (ECF Nos. 5, 58, 67, 82.) They have failed to do so. Their Fourth Amended Complaint ("FAC") is similarly deficient. Accordingly, Defendants' motions to dismiss the Fourth Amended Complaint (ECF Nos. 88, 90, 93, 95) are granted with prejudice and costs to Defendants.

      The allegations in the Fourth Amended Complaint ("FAC") (ECF No. 87) remain substantially the same. Plaintiffs allege that in June 2006, and in subsequent months in 2006, they transferred $1,695,908 in marital assets to three accounts at Atlas Capital, S.A., a Swiss company engaged in some form of investing for clients. FAC ¶¶ 26–29, 42–50. Plaintiffs allege that they orally agreed with Defendants that Defendants could in their sole discretion invest Plaintiffs' assets through the Atlas accounts, FAC ¶¶ 37, 47, in exchange for which, Defendants could charge fees typically associated with investment brokerage accounts and as established by Swiss tariffs. FAC ¶ 41. Plaintiffs further allege that the parties agreed that the investments would include a mix of conservative and risky investments and, if Plaintiffs requested funds, that Defendants would liquidate assets to satisfy the requests, FAC ¶¶ 37–39. According to

1

Plaintiffs, the terms of this oral agreement are confirmed in paperwork submitted to open the three Atlas accounts. FAC ¶¶ 44–46. But there is no allegation of a trading authorization, or an investment advisory agreement, or any other form of writing to set out the terms and conditions of such an agreement. No confirmations or receipts of money given to Atlas or of purchases and sales supposedly made by Defendants or Atlas are alleged, and no account statements that broker/dealers and investment advisors normally send to their clients are identified. A conclusory allegation that there was an agreement, without setting out the terms and conditions of the agreement, is neither plausible nor legally sufficient. *See Chrysler Capital Corp. v. Hilltop Egg Farms*, 129 A.D.2d 927928–929 (N.Y. App. Div. 3d Dep't 1987) (finding Supreme Court erred in denying motion to dismiss where complaint failed to allege the "essential terms of the contract"); *Cobble Hill Nursing Home, Inc. v. Henry and Warren Corp.*, 74 N.Y.2d 475, 548 (N.Y. 1989) (stating that no enforceable contract can exist when the terms are vague and indefinite because such terms prevent a court from determining what the agreement is, knowing whether it has been breached, and fashioning a proper remedy); *see also Fink v. Time Warner Cable*, 810 F. Supp. 2d 633, 645 (S.D.N.Y. 2011) (stating that a plaintiff must "allege the essential terms in nonconclusory language" and that "simple characterization[s] of the promise" do not suffice to establish the specific terms of the alleged oral agreement).

        Plaintiffs allege that at various unspecified dates between August 28, 2006 and August 28, 2012, they demanded that Defendants liquidate their investments and return their funds, and that during that time, Plaintiffs received thirteen separate withdrawals from the Atlas accounts totaling $605,105. FAC ¶ 52. No specific dates are alleged, no writings reflecting any demands, no context of what was happening in the account, and no allegations of responses. Plaintiffs allege that between January 2013 and February 2018, they requested full redemption of their assets, FAC ¶ 53, and only $320,000 was returned in four payments between August 29, 2016 and September 22, 2017, 10 and 11 years after the supposed oral agreement, FAC ¶¶ 53–57. Plaintiffs allege that each payment came from a bank account in the name of "Lenora

2

Sutton," FAC ¶ 57, but there is no allegation whether Atlas, or Defendants, returned the money, nor of the circumstances. Plaintiffs allege that Defendants failed and refused to return the balance, which they calculate to be $749,308.93, FAC ¶ 59. But Plaintiffs do not explain how Defendants' failure to repay the balance of the funds entrusted to Atlas is a breach of the agreement between Plaintiffs and Defendants. To wit, Plaintiffs allege that the paperwork opening the Atlas accounts gives Atlas the authority to "carry out . . . all acts that it deems appropriate or useful to the management of [Plaintiffs'] assets." FAC ¶ 88. And if Defendants were intended to be guarantors for Atlas, Plaintiffs have not alleged any agreement setting out the terms, conditions, and duration of such a guarantee. At most, Plaintiffs may have alleged a breach of an agreement with Atlas but have not alleged a breach of their agreement with Defendants. *See Kraus v. Visa Intern. Service Ass'n*, 304 A.D.2d 408, 408 (N.Y. App. Div. 1st Dep't 2003) (finding breach of contract claim properly dismissed where "plaintiff failed to allege the breach of any particular contractual provision"); *see also Martinez v. Vakko Holding A.S.*, No. 07-CV-3413, 2008 U.S. Dist. LEXIS 56274, at *7 (S.D.N.Y. July 23, 2008) ("A breach of contract is, by definition, a '[v]iolation of a contractual obligation by failing to perform *one's own promise*,' not someone else's." (citing Black's Law Dictionary 182 (7th ed. 1999) (emphasis added)).

Finally, Plaintiffs speculate that Atlas gave some of Plaintiffs' money to Defendants, FAC ¶¶ 68, 75, and that the funds were used to finance the construction of a $145 million wind farm in Israel, FAC ¶ 71 (citing *Hamway, et al. v. Sutton, et al.*, New York State Supreme Court, Kings County, Index No. 522641/2018), but there is no independent factual basis to support such speculations. *See Grimes v. Fremont Gen. Corp*, 933 F. Supp. 2d 584, 601 (S.D.N.Y. 2013) (finding an independent basis for dismissing plaintiffs' claims where "so many of [their] factual allegations [were] copied from pleadings in unrelated cases"); *Triano v. Town of Harrison*, 895 F. Supp. 2d 526, 537 (S.D.N.Y. 2012) (granting motion to dismiss and describing as "troubling" that the allegations said to support the plaintiff's claim were copied

3

"almost verbatim from the allegations made by another plaintiff" in an unrelated case against different defendants).

As to the remaining claims for relief—breach of fiduciary duties, unjust enrichment, monies had and received, and accounting—the new allegations add nothing to previous pleadings and so remain deficient for the reasons noted in my prior orders (ECF Nos. 57, 85).[1]

In sum, despite having had four opportunities to amend to cure the deficiencies identified in their pleadings, Plaintiffs have been unable to effect a cure. Accordingly, Defendants' motion to dismiss is granted with prejudice. The Clerk shall terminate the open motions (ECF Nos. 88, 90, 93, 95), enter judgment in favor of Defendants with costs, and mark the case closed.

SO ORDERED.

Dated:   August 18, 2022                    /s/ Alvin K. Hellerstein
         New York, New York           ALVIN K. HELLERSTEIN
                                      United States District Judge

---

[1] Plaintiffs allege an oral agreement, which under the New York Statute of Frauds, must be in writing or evidenced in "some note or memorandum . . . and subscribed by the party to be charged . . . if such agreement, promise or undertaking . . . [b]y its terms is not to be performed within one year from the making thereof." N.Y. Gen. Oblig. Law § 5-701(a)(1). As Defendants raise in a footnote, *see* ECF No. 92 at 15 n.9, the terms of the contract are not alleged with sufficient specificity to determine whether the oral agreement falls within the Statute of Frauds. *See Freedman v. Chem. Constr. Corp.*, 43 N.Y.2d 260, 265 (1977) ("The critical test . . . is whether by its terms the agreement is not to be performed within a year.") (citation and quotations omitted). However, since the parties did not brief this issue and since there are other grounds to hold that the allegations of a contract are not sufficient, I decline to discuss the applicability of the Statute of Frauds.